IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-43089-TLS |
| | ) | |
| STEPHANIE D. DENAEYER, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on April 18, 2012, on a motion to dismiss filed by the Chapter 13 trustee (Fil. #27) and a resistance by Debtor (Fil. #33). Samuel J. Turco, Jr. appeared for Debtor, Marilyn Abbott appeared for the Chapter 13 trustee, and Laura Troshynski appeared for First National Bank North Platte. The parties were given the opportunity to file post-hearing briefs, and this matter is now ready for decision.

For the reasons stated below, the trustee's motion to dismiss is granted.

This Chapter 13 case was filed on November 30, 2011.[1] 11 U.S.C. § 109(e) provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 . . . may be a debtor under chapter 13 of this title." In Schedule F, Debtor lists an unsecured obligation to Nelnet in the amount of $189,314.46. Debtor acknowledges that this obligation is noncontingent, liquidated, and undisputed. Debtor also lists approximately $33,000.00 of other noncontingent, liquidated, and undisputed debts. Finally, Debtor initially scheduled an unsecured obligation owed to First National Bank North Platte in the amount of $97,819.55 as a "contingent" and "unliquidated" debt.

In Debtor's prior Chapter 13 proceeding, First National Bank North Platte filed two proofs of claim (identified in that proceeding as Claim Nos. 11 and 12) as "secured" claims. Debtor successfully objected to those claims on the grounds that the claims were not secured by any property of Debtor's bankruptcy estate, but instead were secured by property owned by a separate entity and that Debtor had simply guaranteed the loans. As a result of Debtor's objection, those claims were reclassified as unsecured debt. In this current proceeding, First National Bank North Platte has filed unsecured claims for those same obligations – Claim No. 3 in the amount of $84,047.85 and Claim No. 4 in the amount of $94,211.26.[2]

Interestingly, Debtor's initial schedules in this proceeding did not list either of those debts but instead listed a third obligation owed to First National Bank North Platte (for Note No. 1161). After the trustee filed her motion to dismiss, Debtor filed an amended Schedule F to, among other

---

[1]Debtor was previously a debtor in Case No. BK10-42202-TLS, which case was dismissed because Debtor exceeded the unsecured debt limit of 11 U.S.C. § 109(e) and was ineligible for Chapter 13 relief. *See* Order dated September 12, 2011 (Fil. #132).

[2]The claims were initially filed as "secured" but were later amended to "unsecured."

things, now list the obligations to First National Bank North Platte on Claim Nos. 3 and 4 as "unliquidated" and "disputed," and removing the obligation for Note No. 1161. Apparently, Note No. 1161 had been paid off by Debtor's mother, a co-guarantor, prior to the filing of this case.

The trustee filed her motion to dismiss because the amount of debt that Debtor acknowledges is owed to Nelnet ($189,314.46), when added to the amount of Claim No. 3 ($84,047.85) and Claim No. 4 ($94,211.26), equals $367,573.57, which exceeds the Chapter 13 unsecured debt limit even without considering the other $33,000.00 of noncontingent, liquidated, and unsecured debt listed in Debtor's schedules.

Debtor takes the position that since she identified the obligations owed to First National Bank North Platte on Claim Nos. 3 and 4 as unliquidated and disputed, those amounts should not count against the Chapter 13 debt limit. Specifically, Debtor asserts that "the Bank conducted a sale of my business equipment in a negligent fashion" and that "the Bank may have misapplied payments on the various loans." Accordingly, Debtor does not believe that she owes the total amount shown on Claim Nos. 3 and 4.

In the case of *Barcal v. Laughlin (In re Barcal)*, 213 B.R. 1008 (B.A.P. 8th Cir. 1997), the Eighth Circuit Bankruptcy Appellate Panel squarely addressed the issues in this case. First, the B.A.P. held that "a court should not exclude from the computation of debts for Chapter 13 eligibility an obligation that the debtor merely disputes." *Id.* at 1012. Thus, the fact that Debtor may dispute the amount owing to First National Bank North Platte is not material to Debtor's eligibility for Chapter 13 relief.

Second, the B.A.P. held that a debt which is "readily calculable" or "readily determinable" is a liquidated debt regardless of whether the debtor disputes the obligation. *Id.* at 1013. In determining whether a claim is liquidated or unliquidated, the B.A.P. stated: "We hold that the key factor in distinguishing liquidated from unliquidated claims is **not** the extent of the dispute nor the amount of evidence required to establish the claim, but **whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard**." *Id.* at 1014. Finally, the B.A.P. stated that in determining a debtor's eligibility the bankruptcy court should primarily rely upon the debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith; a full determination on the merits concerning disputed obligations is not necessary. *Id.* at 1015-16.

Debtor raises two arguments in support of her position that the debt is not liquidated. First, Debtor argues that the debt is not liquidated because, according to her, the bank misapplied certain payments. Debtor believes that the bank erroneously applied payments Debtor intended for Note No. 1161 to the notes evidencing Claim Nos. 3 and 4, thereby resulting in the bank overcharging Debtor's mother for the payoff of Note No. 1161. Debtor provides no other detail. Frankly, it is difficult to understand how that argument helps Debtor. If the bank did apply payments to the notes in Claim Nos. 3 and 4 that should have gone to another loan, that would indicate the balance due on Claim Nos. 3 and 4 should be even greater. In any event, it seems Debtor's argument is a mere "dispute" and the amount due is readily calculable.

Debtor next argues that the debt owed to the bank on Claim Nos. 3 and 4 is unliquidated because Debtor has a claim against the bank for negligently liquidating assets of Debtor's former chiropractic practice.[3] However, that argument fails to recognize that the amount due to the bank under its proofs of claim is readily calculable and that any claim Debtor may have against the bank for negligent sale of collateral is a separate issue in the nature of a tort claim. The amount presently due under the bank's proofs of claim is a fixed, liquidated amount. The fact that Debtor now hopes to chip away at the liquidated balance by raising a tort claim does not convert the existing liquidated debt to an unliquidated obligation. *See Quintana v. Comm'r (In re Quintana)*, 915 F.2d 513, 517 (9th Cir. 1990) (holding that debtors may not use a counterclaim to set off the amount of a debt for Chapter 12 eligibility purposes); *Sylvester v. Dow Jones & Co. (In re Sylvester)*, 19 B.R. 671, 673 (B.A.P. 9th Cir. 1982) (holding existence of defenses or counterclaims irrelevant to determining a debt's character as liquidated); *In re Clark*, 91 B.R. 570, 575 (Bankr. D. Colo. 1988) (holding that a creditor's threshold right to payment "may indeed be subject to counterclaims, setoff, affirmative defenses, or mitigating circumstances, . . . but that does not obviate the basic claim or negate the fundamental right to payment on the claim").[4]

IT IS, THEREFORE, ORDERED that Debtor exceeds the unsecured debt limit of § 109(e) and is ineligible for Chapter 13 relief. Accordingly, the trustee's motion to dismiss (Fil. #27) is granted.

DATED:  May 8, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Samuel J. Turco, Jr.
    *Marilyn Abbott/Kathleen Laughlin
    Laura Troshynski
    United States Trustee
*Movant is responsible for giving notice to other parties if required by rule or statute.

---

[3] Interestingly, Debtor failed to schedule any such tort claim as an asset of her bankruptcy estate.

[4] Debtor cites to a number of cases in her brief where a debtor was eligible for Chapter 13 relief due to certain debts being unliquidated. However, none of those cases address the situation in this case – where the underlying debt is very clearly a liquidated debt, but may be subject to a tort-based counterclaim.